**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **GARY VALENTINE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No: 5:16-cv-537 (MTT)** |
| ) | |
| **EVERETT DYKES GRASSING CO. INC,** ) | |
| **DYKES CONSTRUCTION INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Defendants Everett Dykes Grassing Company, Inc. (Dykes Grassing) and Dykes

Construction Inc. (Dykes Construction), move to dismiss Plaintiff Valentine's complaint,

asserting that his claims are barred by the statute of limitations.  Doc. 4.  Valentine, who

is represented by counsel, failed to respond.

Valentine, his truck, and his dog were injured in a single-vehicle accident on

March 22, 2012.  Doc. 1 ¶¶ 8, 10, 14.  On December 8, 2016, he filed this action

asserting that the Defendants' road construction was defective, incomplete, not properly

marked, and not accompanied by appropriate safety barriers, causing his injuries.  *Id*.

¶¶ 10, 11, 14.  This action is clearly barred by the statute of limitations unless tolled.

*See* O.C.G.A. §§ 9-3-31 ("Actions for injuries to personalty shall be brought within four

years after the right of action accrues."); 9-3-33 ("[A]ctions for injuries to the person shall

be brought within two years after the right of action accrues . . . .").

In his complaint, Valentine asserts that the complaint "is a refile under O.C.G.A.

9-11-41."  Doc. 1 ¶ 4.  As explained by the Defendants, Valentine initially filed an action

asserting these claims on March 13, 2014, and "dismissed the initial action without

prejudice on June 15, 2016 after failing to file a response to Defendants' motion for

summary judgment within the time allowed by law."  Doc. 4 at 1.  The Defendants,

somewhat generously,[1] construe this action as a renewal action under O.C.G.A. § 9-2-61, which can toll the statute of limitations. *Id.* The Defendants argue that the statute of limitations is not tolled under the renewal statute because: (1) Valentine never served Dykes Grassing in the initial action; and (2) Valentine failed to exercise diligence in serving the Defendants in this action.

It is clear that O.C.G.A. § 9-2-61 does not permit a plaintiff to renew a claim against a party never served in the initial action. *See, e.g.*, *Osborne v. Hughes*, 200 Ga. App. 558, 559, 409 S.E.2d 58, 59 (1991). The question is whether Valentine's service of Dykes Grassing was insufficient. The Sheriff's Entry of Service forms from the initial action, attached to the Defendants' motion,[2] show that service was intended to be made separately to "Everett Dykes Grassing 10 Inc" and "Dykes Construction Inc." Docs. 4 at 3-4; 4-2; 4-3. Dykes Grassing concedes that the address shown on these forms was its address. Doc. 4 at 10-12. However, both forms, dated March 18, 2014, show service on a Kailey Taylor on behalf of only Dykes Construction.[3] *Id.* Neither form mentions service on Dykes Grassing. *Id.* Dykes Grassing raised the defense of insufficient service of process in the initial action, and Valentine apparently made no other attempt to serve Dykes Grassing before dismissing that action. *Id.* at 7. These facts are insufficient to show service on Dykes Grassing in the initial action. Accordingly, Valentine's claim against Dykes Grassing is not saved by the renewal statute and is barred by the statute of limitations.

---

[1]     Valentine's allegation that "this is a refile under O.C.G.A. 9-11-41" is insufficient. Valentine fails to allege anything about the initial action, including the identity of the claims in that action, whether the defendants here were served in that action, and whether Valentine has paid the costs in that action.

[2]     Valentine has not responded. So, of course, he has not objected to the Court's consideration of these documents. *Cf. Teel v. Wal-Mart Stores E. LP*, No. 4:10-CV-114 CDL, 2010 WL 5462511, at *2 n.4 (M.D. Ga.) (considering evidence outside of pleadings in addressing similar motion to dismiss).

[3]     A corporations search on the Georgia Secretary of State website reveals that Dykes Construction was administratively dissolved September 2, 2012 (less than sixth months after Valentine's accident, but over a year before service of process in the initial action).

Moreover, Valentine was not diligent in serving the Defendants in this action. And diligence in service was necessary to toll the statute of limitations under Georgia law. The Defendants correctly note that the six-month renewal period expired about a week after Valentine's refiling. The cases cited by the Defendants make clear that, under these circumstances, Valentine has the burden to show at least reasonable diligence in serving the Defendants. *See, e.g.*, *Teel v. Wal-Mart Stores E. LP*, 2010 WL 5462511, at *1 (M.D. Ga.); *Webster v. W. Express, Inc.*, 2007 WL 2782457, at *4 (M.D. Ga.). The facts recited by the Defendants make it equally clear that Valentine has not done so. It appears that Valentine knew where to serve the Defendants, but made no attempt to do so until February 22, 2017—76 days after filing the complaint and 69 days after the expiration of the six-month renewal period. This delay, unexplained, is sufficient to doom Valentine's claim. *Cf. Fusco v. Tomlin*, 285 Ga. App. 819, 648 S.E.2d 137 (2007); *Davis v. Bushnell*, 245 Ga. App. 221, 537 S.E.2d 477 (2000).

On March 29, 2017, over two weeks after the motion to dismiss was filed, Valentine filed a proof of service stating that a Lee Perry "served the summons on Stephen Starling, who is designated by law to accept service of process on behalf of Dykes Construction on 2-22-17." Doc. 7 at 1. This is likely sufficient to show service as to Dykes Grassing;[4] but still, the Court is astonished at Valentine's sloppiness. Valentine has been on notice since April 14, 2014, when Dykes Grassing asserted insufficient service in the initial action, of the importance of serving Dykes Grassing (in distinction from Dykes Construction). Doc. 4-4 at 1, 6. Incredibly, after making this error in the initial case and receiving the Defendants' motion to dismiss questioning service in this case (Doc. 4 at 10-11), Valentine's proof of service does not mention Dykes Grassing. More incredibly, Valentine has not tried to explain the delay in service.

---

[4]  A corporations search on the Georgia Secretary of State website as to Dykes Grassing reveals that Stephen Starling is that company's registered agent. Again, Dykes Construction is defunct. *See* note 1 *supra*.

Valentine's lack of diligence in serving the Defendants is patent. The

Defendants' motion (Doc. 4) is **GRANTED**. Valentine's claims are barred by the statute

of limitations and are accordingly **DISMISSED**.

    **SO ORDERED**, this 15th day of May.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
